IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| BRUCE PARKS, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 2:16-cv-2862-STA-jay |
| MATTHEW COCHRAN and JEFF MIDDLETON, | ) |
| Defendants. | ) |

_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
_____

Before the Court is Defendant Jeff Middleton's Motion to Dismiss (ECF No. 83) filed on May 3, 2019. The Court held a motion hearing on July 12, 2019. At that time Plaintiff Bruce Parks, Jr. had not responded to the Motion and stated to the Court that he was unaware of the filing of the Motion until the Court had set the hearing. The Court granted Parks additional time to prepare and file his response. Parks has now responded in opposition, and Middleton has filed a reply. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## BACKGROUND

Parks filed his initial Complaint on October 31, 2016. Parks alleges that on August 12, 2016, while Parks was an inmate at the West Tennessee State Penitentiary ("WTSP"), three staff members identified in the Complaint as "Cpt. Middleton, Lt. Miller, and Sgt. Cochran" came to Parks' cell and woke him. (Compl. at 5, ECF No. 1.) The staff members first removed Parks and his property from the cell. (*Id.*) When Parks inquired why staff were moving him, Middleton told Parks that a female correctional officer had accused Parks of putting semen on

her. (*Id.*) According to Parks, the officer never actually reported this allegation or produced any evidence to support it. (*Id.*) When the staff members returned Parks to his cell, still in handcuffs, he was told to put his knees on the bunk. (*Id.*) Cochran then began to hit Parks, verbally and mentally abused him, and then threatened to apply a taser to Parks' head. (*Id.*) The initial Complaint alleges that Sgt. Cochran and the other two staff members who participated in the assault left the cell and that Parks did not receive medical treatment until the next day. (*Id.*) Parks alleges in the initial Complaint that he filed a grievance over the assault but could not verify that the grievance was filed because Parks is in lockdown and in the SMU program. (*Id.*)

The initial Complaint named only two Defendants, Warden Jonathan Lebo and Matthew Cochran, the correctional officer who allegedly used excessive force against Parks. In a screening order dated June 30, 2017 (ECF No. 9), the Court dismissed the claim against the warden but concluded that the Complaint stated a plausible claim against Cochran for the violation of Parks' Eighth Amendment rights. Cochran subsequently filed a motion for summary judgment, arguing that Parks had failed to exhaust his claim properly through the Tennessee Department of Correction ("TDOC") grievance process. The Court held a hearing on Cochran's motion and later denied the motion in a written order, holding that genuine issues of fact remained on the exhaustion issue. The Court also directed TDOC to produce the following information to Parks: (1) the form 2592 report prepared at WTSP, documenting Plaintiff's August 12, 2016, injuries; (2) all photographs taken of Plaintiff's injuries on August 12, 2016, or at any time thereafter; (3) the medical records for the treatment of Plaintiff's August 12, 2016, injuries, both at WTSP and outside medical facility(ies), including follow-up care (if any); and (4) all other reports, documents, or information in the possession of the Department of Correction related to Plaintiff's injuries or claims arising out of or related to the incident on or

about August 12, 2016. Following the entry of a protective order, TDOC submitted the information for in camera review and produced a copy to Parks.

Based on the contents of TDOC's disclosures, Parks filed a motion to amend his complaint to add Middleton as a defendant, which the Court granted on November 28, 2018. In his Amended Complaint (ECF No. 56), Parks alleges that Middleton was the chief of security at WTSP in August 2016 and that Middleton ordered Cochran and another correctional officer identified as "Mr. Braden" to assault Parks. The Amended Complaint alleges that Parks learned for the first time from TDOC internal reports that Middleton was cited for violations of TDOC policy over the incident. Parks also alleges that Middleton failed a polygraph test, presumably when questioned about the alleged assault. Otherwise, the Amended Complaint incorporates by reference the fact pleadings in the original Complaint.

In his Motion to Dismiss, Middleton argues that the Amended Complaint fails to state a plausible claim against him. Middleton first raises two claims processing arguments for the dismissal of the Amended Complaint. Middleton contends that the one-year statute of limitations has run on any claim Parks has against him and in the alternative that Parks failed to exhaust his administrative remedies through the TDOC grievance process. On the merits, Middleton argues that the Amended Complaint fails to allege that Middleton was in a position to intervene or prevent the alleged use of excessive force against Parks. For these reasons, Middleton argues that the Court should dismiss the claims against him.

Parks opposes the Motion to Dismiss. According to Parks, his claim is that Middleton directed subordinate correctional officers to assault him, allegations which constitute direct involvement in the violation of Parks' constitutional rights. With respect to the exhaustion issue, Parks reiterates arguments he first raised in response to Cochran's motion for summary judgment

3

on the exhaustion issue. As for the statute of limitations, Parks argues that he only learned of the extent of Middleton's role in the alleged assault after the Court ordered TDOC in September 2018 to produce its full internal investigation into the matter. As a result, Parks requests that the Court deny Middleton's Motion to Dismiss.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level"

and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## **ANALYSIS**

Middleton seeks the dismissal of the Amended Complaint's claims against him based on Parks' failure to exhaust his administrative remedies, the running of the statute of limitations, and defects in the pleadings. Of these issues, exhaustion continues to be a threshold question in this case, though it remains a question the Court cannot decide as a matter of law. "The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S.Ct. 1850, 1854–55 (2016) (quoting 42 U.S.C. § 1997e(a)). Simply put, "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The Court has already concluded that genuine issues of fact remain over whether Parks exhausted his administrative remedies through the TDOC grievance process. *See* Order Denying Cochran's Mot. for Summ. J., Nov. 28, 2019 (ECF No. 53). For the reasons articulated in the Court's order denying Cochran's Rule 56 motion, the Court declines to dismiss the Amended Complaint under Rule 12(b)(6) for Parks' alleged failure to exhaust.

Middleton also argues that the Amended Complaint's claims against him are time barred. A statute of limitations is an affirmative defense under Federal Rule of Civil Procedure 8(c), and so it is typically inappropriate to dismiss a claim as untimely on a Rule 12(b)(6) motion. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). But when the allegations on the face of the complaint show that the claim is time barred, dismissal under Rule 12(b)(6) is proper. *Bock*,

549 U.S. at 215. Parks' claims for the violation of his constitutional rights arise under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. The statute of limitations on a claim for the violation of a constitutional right under 42 U.S.C. § 1983 is one year in Tennessee, meaning the limitations period on any claim Parks had against Middleton ran on August 12, 2017. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a), and *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005)). Parks filed his Amended Complaint on December 14, 2018, more than one year after the limitations period had expired. Parks' claim against Middleton will only be consider timely then, if the Amended Complaint relates back to the filing date of his original Complaint.

Rule 15(c)(1) provides that amended pleadings "relate back to the date of the original pleading" but only under specific circumstances. Fed. R. Civ. P. 15(c)(1). The amended pleading relates back to the original pleading where the amendment changes the party or the naming of the party against whom a claim is asserted and if the following conditions are met: (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," *see* Fed. R. Civ. P. 15(c)(1)(B); and (2) "if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *see also Mayle v. Felix*, 545 U.S. 644, 656 (2005).

In this case, the Amended Complaint did not change a party or the naming of a party.

Parks simply added Middleton as a completely new party to the action.  The Sixth Circuit has held that the relation back doctrine does not apply where an amended pleading adds a completely new party to the case.  *See Lester v. Wow Car Co., Ltd.*, 675 F. App'x 588, 592–93 (6th Cir. 2017) ("Since the New Defendants were added to the complaint and not even plausibly substituted for an original named defendant, any claims against the New Defendants cannot meet the requirements of Rule 15(c) which speaks only of an amendment changing the party or the naming of a party.").  Parks does not actually dispute that the statute of limitations bars his claim against Middleton or argue that he did not name Middleton in his initial Complaint due to a mistake.  Instead, Parks seems to argue that he did not learn of the findings of an internal investigation into Middleton's role in the alleged assault until he received discovery in 2018.  This does not constitute grounds for applying the relation back doctrine.  The Court holds that Parks' Amended Complaint against Middleton was filed outside of the statute of limitations and does not relate back to the date of his original Complaint.  Therefore, Middleton's Motion to Dismiss is **GRANTED** on the statute of limitations issue.

Having determined that Parks' claims against Middleton were filed outside of the one-year statute of limitations, the Court need not reach the issue of whether the Amended Complaint plausibly alleges a section 1983 claim against Middleton.

## CONCLUSION

Parks' Amended Complaint adding Middleton as a party to this action is now time barred.  Therefore, Middleton's Motion to Dismiss must be **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  August 12, 2019.